UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00384-RSE

**TAMMIE R. S.**                                                                                      **PLAINTIFF**

**VS.**

**FRANK BISIGNANO,**
*Commissioner of Social Security*                                                **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

The Commissioner of Social Security denied Claimant Tammie R. S.'s ("Claimant's") application for supplemental security income benefits. Claimant seeks judicial review of the Commissioner's denial pursuant to 42 U.S.C. § 405(g). (DN 1). Claimant filed a Brief. (DN 10). The Commissioner filed a responsive Fact and Law Summary. (DN 14). Claimant filed a reply. (DN 15). The Parties have consented, under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. (DN 8; DN 9).

### I. Background

Tammie R. S. ("Claimant") applied for supplemental security income benefits under Title XVI on May 18, 2023, alleging disability beginning May 16, 2018. (Transcript, hereinafter, "Tr." 212-27). She alleged disability based on the following impairments: pinched nerve in the spine and hip, swelling in both legs and feet, depression, pain in both legs, upper and lower back pain, hip pain, restless legs, acid reflux, thyroid issues, and asthma. (Tr. 278). Claimant's application

was denied at the initial review level on September 22, 2023 and again at the reconsideration review level on November 20, 2023. (Tr. 80-97).

At Claimant's request, Administrative Law Judge Candace McDaniel ("ALJ McDaniel") conducted a remote administrative hearing on May 7, 2024. (Tr. 37-58). Claimant appeared by phone with his attorney. (*Id.*). An impartial vocational expert also participated. (*Id.*). Claimant provided the following relevant testimony during her hearing.

At the time of the hearing, Claimant was 51 years old. (Tr. 41-42). She has a seventh-grade education and lives in a mobile home with a roommate. (Tr. 42). Because she does not have a driver's license, she relies on others to take her places. (*Id.*). Claimant previously worked as a sales associate at a shoe store but stopped in 2019 because she had issues with the store manager. (Tr. 44). When asked what stops her from working now, Claimant stated that her doctor has her on limitations and she must use a rollator daily. (Tr. 45). She was prescribed the rollator walker a year or two ago by her primary care physician and uses it for balance and getting around. (Tr. 47). On a good day, she can use a cane around the house. (*Id.*). But she has bad days, where she is "in excruciating pain," about five days a week. (Tr. 47-48). For her back pain, she takes hydrocodone three times a day and muscle relaxers. (Tr. 52). The combination of these medications makes her sleepy. (*Id.*). In addition to her back and hip pain, she has thyroid issues, chest pain, and swelling in her feet. (Tr. 48).

Claimant estimates being able to stand using her rollator for ten minutes at most. (Tr. 48-49). She can sit for only five to ten minutes. (Tr. 49). As for lifting, she estimates a limit of five to ten pounds. (*Id.*). An MRI of her hips and pelvis from May 2022 revealed a pinched sciatica nerve. (*Id.*). Her neurosurgeon then ordered an MRI of her spine, which insurance denied. (*Id.*). She

"failed" physical therapy because "it wasn't helping." (Tr. 50). Though she uses a heating pad daily, she says it does not help. (*Id.*).

As for mental impairments, Claimant says she cries daily and has an emotional support dog at the direction of her primary care physician. (*Id.*). She does not take medication for her mental health issues because it causes her to have seizures. (Tr. 51). Claimant has issues paying attention and concentrating. (*Id.*).

On July 8, 2024, ALJ McDaniel issued an unfavorable decision. (Tr. 20-32). Applying the five-step sequential analysis for adult disability claims from 20 C.F.R. § 404.1520(a), ALJ McDaniel made the following findings. First, Claimant has not engaged in substantial gainful activity since May 18, 2023, her application date. (Tr. 22). Second, Claimant has the severe impairments of lumbar degenerative disc disease, asthma, tricuspid valve disorder, and obesity. (Tr. 22-25). Third, Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App'x 1. (Tr. 25-26). Fourth, Claimant has the residual functional capacity to perform "light work" as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations:

> she can frequently lift up to ten pounds and occasionally lift up to 20 pounds; she can stand or walk for a total of four hours during an eight-hour workday; occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. She can have no concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants; no concentrated exposure to vibration; and no exposure to unprotected heights or operation of dangerous moving machinery.

(Tr. 26-30). Additionally, at Step Four, ALJ McDaniel found Claimant cannot perform any of her past relevant work. (Tr. 30). Fifth and finally, considering the Claimant's age, education, work experience, and RFC, ALJ McDaniel determined there were jobs that exist in the national economy that Claimant can perform. (Tr. 31).

ALJ McDaniel concluded Claimant was not under a disability, as defined in the Social Security Act, since May 18, 2023. (Tr. 32). Claimant appealed ALJ McDaniel's decision. (Tr. 201-02). The Appeals Council declined review, finding Claimant's reasons for disagreement did not provide a basis for changing ALJ McDaniel's decision. (Tr. 1-4). At that point, the denial became the final decision of the Commissioner, and Claimant appealed to this Court. (DN 1).

## II. Standard of Review

Administrative Law Judges make determinations as to social security disability by undertaking the five-step sequential evaluation process mandated by the regulations. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803-04 (6th Cir. 2008) (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)); 20 C.F.R. §§ 404.1520(b), 416.920(b). Throughout this process, the claimant bears the overall burden of establishing they are disabled; however, the Commissioner bears the burden of establishing the claimant can perform other work existing in significant numbers in the national economy. *Id.* at 804 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

When reviewing the Administrative Law Judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, the Court's review of the Administrative Law Judge's decision is limited to an inquiry as to whether the Administrative Law Judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citations omitted), and whether the Administrative Law Judge employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as

adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted).

### III. Conclusions of Law

Claimant presents one claim of error from ALJ McDaniel's decision. She alleges that ALJ McDaniel improperly assessed her subjective symptoms and complaints in analyzing her residual functional capacity ("RFC"). (DN 10, at PageID # 755, 763-67).

As part of the RFC assessment at Step Four, an ALJ must evaluate a claimant's subjective allegations of pain. 20 C.F.R. §§ 404.1520c, 404.1529(a). An ALJ must consider all "symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a). First, the ALJ must determine whether there are medically determinable impairments that could reasonably be expected to produce the alleged symptoms. Next, if such impairments exist, the ALJ "will consider [the claimant's] statements about the intensity, persistence, and limiting effects of [the] symptoms" and "evaluate [the claimant's] statements in relation to the objective medical evidence and other evidence" in determining whether a claimant is disabled. *Id.* § 416.929(4). In doing so, the ALJ evaluates the claimant's statements against factors set forth in 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3), including:

(1) A claimant's daily activities;

(2) The location, duration, frequency, and intensity of pain and other symptoms;

(3) Factors that precipitate and aggravate the symptoms;

(4) The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

(5) Treatment, other than medication, an individual receives or has received for relief from pain or other symptoms;

(6) Any measures other than treatment an individual uses or used to relieve pain or other symptoms; and

(7) Any other factor concerning an individual's functional limitations and restrictions due to pain and other symptoms.

The ALJ is not required to analyze all seven factors and may discuss only those relevant to the alleged symptoms. *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

The ALJ's decision must include "specific reasons for the weight given to the individual's symptoms" in a "consistent" and "clearly articulated" way, so "any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 510304, at *10. But the ALJ need not use "magic words" so long as it is clear from the decision as a whole why the ALJ reached a specific conclusion. *Lloyd v. Comm'r of Soc. Sec.*, No. 5:23-CV-01166-SL, 2024 WL 2278251, at *14 (N.D. Ohio Apr. 30, 2024). An ALJ's conclusions regarding subjective symptom evidence receive great deference on review. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

In the RFC, ALJ McDaniel recounted the Claimant's testimony from the administrative hearing, including Claimant's reports of daily use of a rollator walker for the past two years, use of a cane on good days, and estimation of standing with her rollator walker for ten minutes at most and sitting for five to ten minutes. (Tr. 27). ALJ McDaniel determined that Claimant's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence of record[.]" (Tr. 28). ALJ McDaniel further explained:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent because available medical records do not always support the extent of the alleged limitations. For example, although the claimant uses a rollator walker, the consultative examiner noted that the claimant could ambulate without the use of an assistive device with a steady gait and remaining stable at station; the claimant also testified that she uses a cane at home on good days (B8F/4). Similarly, the examiner noted that, while the claimant did have some ROM limitations in the lumbar spine, the claimant had full ROM in all peripheral joints (except for seated right knee flexion) and also exhibited 5/5 strength in all major muscle groups (B8F/4).

(Tr. 28).

Claimant takes issue with ALJ McDaniel relying on consultative examiner Sloan's ("Ms. Sloan's") observation that she can ambulate without an assistive device with a steady gait and remain stable at station to discount her statements about the intensity, persistence, and limiting effects of her symptoms. (DN 10, at PageID # 764). Claimant also finds error in ALJ McDaniel's reliance on Ms. Sloan's findings that Claimant had a full range of motion in all peripheral joints (except for seated right knee flexion) and exhibited 5/5 strength in all major muscle groups in discounting Claimant's subjective allegations. (DN 10, at PageID # 764-65). ALJ McDaniel's reliance on these "limited snapshot[s]" from Dr. Sloan's opinion, Claimant argues, downplays the significance of her complaints and does not constitute substantial evidence in the record undermining Claimant's subjective complaints. (*Id.*).

The Commissioner responds that Claimant fails to show any error in the ALJ's analysis. (DN 14, at PageID # 784-85). According to the Commissioner, Ms. Sloan never opined that Claimant needed an assistance device. (*Id.*). The Commissioner further argues Plaintiff does not identify any documentation detailing the circumstances under which the rollator walker was used and, therefore, fails to demonstrate it is medically necessary under SSR 96-9p. (*Id.*). As for Claimant's cherry-picking argument, the Commissioner maintains that ALJ McDaniel acknowledged Ms. Sloan's finding of limited range of motion in the lumbar spine and right knee

7

but ultimately concluded Ms. Sloan's opinion was unpersuasive. (*Id.* at PageID # 785-86). The Commissioner asserts that Claimant has failed to explain what other findings from Ms. Sloan's report substantiate her allegations or demonstrate that greater functional limitation is required. (*Id.*). Lastly, the Commissioner defends that ALJ McDaniel appropriately considered the regulatory factors, including Claimant's reports of pain, medication, side effects, treatment other than medication, work history, and functional restrictions. (*Id.* at PageID # 786-87).

In reply, Claimant states that ALJ McDaniel's evaluation of her subjective symptoms, which starts with a boilerplate sentence and then identifies a single instance from the consultative examiner's opinion, fails to address "the cumulative evidence" corroborating Claimant's allegations. (DN 15, at PageID # 790). According to Claimant, ALJ McDaniel did not consider Claimant's full testimony, her medication record, the entirety of the consultative examiner's opinion, and the opinions of the other examining physicians. (*Id.*). Claimant emphasizes she is not arguing the RFC should have included a limitation for an assistive device but, instead, argues that the ALJ's improper discounting of the intensity, persistence, and limiting effects of her symptoms based on "one limited instance," constitutes reversible error. (*Id.* at PageID # 790-91). Claimant further asserts that ALJ McDaniel's brief mention of her continuous use of pain medication calls into question whether she adequately considered such a factor when rejecting Claimant's subjective statements about her symptoms. (*Id.* at PageID # 791).

The Court finds no error in ALJ McDaniel's evaluation of Claimant's subjective allegations of pain. ALJ McDaniel stated that Claimant's statements about the intensity, persistence, and limiting effects of her symptoms were inconsistent because available medical records did not always support the extent of the alleged limitations. (Tr. 28). ALJ McDaniel then provided two specific instances where the medical records conflicted with Claimant's allegations

of total disability. The regulations do not require an ALJ to provide every instance of conflicting evidence when discounting a claimant's subjective allegations. ALJ McDaniel clearly articulated the basis for her determination – that some medical evidence did not support the extent of Claimant's allegations.

Claimant identifies three pieces of evidence she says disprove ALJ McDaniel's discounting of her subjective complaints: Ms. Sloan and Dr. Dennis's observations that she ambulates with a prescribed walker and Dr. Uddin's note that she uses a rollator and has a limited range of motion. Yet neither Ms. Sloan nor Dr. Dennis opined that Claimant cannot ambulate without a wheeled walker or other assistive device. And though Dr. Uddin noted that Claimant requires an assistive device for ambulation, ALJ McDaniel found Dr. Uddin's evaluation to be unpersuasive later in the RFC analysis, and Claimant does not challenge this finding. (*Id.*). And ALJ McDaniel did not ignore Claimant's use of a walker or fail to consider it; instead, he mentioned her reports of using a rollator walker on several occasions in the RFC analysis but determined that some evidence, for example Ms. Sloan's finding that Claimant could ambulate without the use of an assistive device with a steady gait and remaining stable at station, did not fully support her allegations regarding the rollator.

In the end, it matters not that other evidence in the record supported Claimant's subjective allegations. An ALJ is not required to recite every piece of evidence from the administrative record in her decision to demonstrate it was considered. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party."). ALJ McDaniel concluded her RFC by repeating that "the contentions regarding the severity of and the related

functional restrictions are not fully supported" and that she "carefully read and considered all the evidence of record, whether it is specifically cited in the decision[.]" (Tr. 29).

In addition to this statement, ALJ McDaniel considered evidence both for and against the supportability of Claimant's allegations. While ALJ McDaniel specifically cited to Ms. Sloan's note that Claimant had full range of motion in all peripheral joints and exhibited 5/5 strength in all major muscle groups, she also discussed her limited range-of-motion in the lumbar spine and changed postural limitations opined by the State agency physicians "due to the claimant's degenerative disc disease and indications of reduced ROM in the lumber spine." (Tr. 28). ALJ McDaniel considered the totality of the evidence and did not merely cherry-pick evidence to reach an otherwise unsupported conclusion.

Moreover, ALJ McDaniel considered the applicable regulatory factors from 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3). She discussed Claimant's reports of pain and aggravating factors, improvement and stability with medication (Hydrocodone), other forms of treatment (rest, heat), and use of a cane and rollator walker for relief. Though Claimant questions ALJ McDaniel's brief consideration of her continuous use of medication, she discussed how Claimant took medication for her symptoms, recognized that it was hydrocodone, but found Claimant had improvement and stability while taking the medication. Accordingly, ALJ McDaniel properly considered this factor in assessing Claimant's subjective symptoms and pain.

Overall, the Court finds ALJ McDaniel's evaluation of Claimant's subjective symptoms and pain was supported by substantial evidence in the record and complied with the applicable regulations.

## IV. Order

Based on the above analysis, **IT IS THEREFORE ORDERED** that the final decision of the Commissioner is **AFFIRMED.**

This is a final and appealable Order and there is no just cause for delay.

Copies:        Counsel of Record